# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OUTER HARBOR TERMINAL, LLC, | Case No. 1:17-cv-00580-GMS |
| In re:<br><br>OUTER HARBOR TERMINAL, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 16-10283(LSS)<br><br>**Re: Docket Nos. 690 and 707** |

## HHH OAKLAND, INC.'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES PRESENTED ON APPEAL

HHH Oakland, Inc., in its capacities as agent under the debtor in possession financing facility (the "**DIP Facility**") to, and equity holder of, the above-captioned debtor and debtor in possession (the "**Debtor**"), Watermark Terminal Solutions, LLC, successor-in-interest to Deep Water Port Services; Embarcadero Systems Corporation; HHH Ports Holdings, LP; Marine Terminals Corporation; Marine Terminals Corporation Holdings; Port Newark Container Terminal L.L.C.; Ports America, Inc., Ports America Chesapeake LLC; Ports American Group Inc.; Ports America Management Inc.; Ports America Shared Services, Inc.; Ports Insurance Company, Inc.; Smart-Tecs, LLC; Tricor Services, LLC; and Ports America Terminal Holdings II, Inc. (collectively, the "**Appellants**"), by and through their undersigned counsel, hereby designate the record and state the issues presented on appeal to the United States District Court for the District of Delaware with respect to the bench ruling read into the record on May 2, 2017,

---

[1] The last four digits of the Debtor's federal tax identification number are 2070. The Debtor's principal place of business is located at 1599 Maritime Street, Oakland, CA 94607.

- 1 -

docketed on May 5, 2017 and appearing at Docket No. 690 (the "**Bench Ruling**")[2] of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Appellants' Notice of Appeal was docketed on May 16, 2017 [D.I. 707].

## Statement of Issues Presented on Appeal

1. Whether the Bankruptcy Court erred when it issued an advisory opinion as to the nature and scope of the releases in the Final DIP Order when that issue had not been raised by any party, was not briefed and was not properly before the Bankruptcy Court?

2. Whether the Bankruptcy Court erred by *sua sponte* reconsidering the Final DIP Order without any motion or briefing under Bankruptcy Rules 9023 or 9024 and where no party to the negotiated Final DIP Order is challenging the effect of the Final DIP Order?

3. Whether public policy supports the finality of the Final DIP Order and broad general releases that had been granted by the Debtor and its estate to the DIP Lenders and their affiliates and upon which the DIP Lenders and their affiliates had relied during the yearlong administration of the Debtor's estate?

4. Whether the Bankruptcy Court erred in its interpretation of the Final DIP Order in light of "the reasonable expectations of the parties, as disclosed to and blessed by the Court" at the Interim DIP Hearing, under circumstances where both the Debtor and DIP Lender agree that the intent of the parties was to grant broad general releases to all parties affiliated with the DIP Lenders?

5. Whether the Bankruptcy Court erred in its interpretation of the language in the Final DIP Order in light of the "context in which it was negotiated" (Bench Ruling, at p. 17); namely, the Debtor's affiliates supporting the orderly liquidation of the Debtor through, among other things, funding of the DIP Facility, continuing to provide back office and other support through the provision of shared services, and entering into and funding the Port Settlement when under no obligation to do so in consideration for inclusion of mutual broad general releases, the latter of which were presented to the Bankruptcy Court for approval in both the Interim DIP Order and Final DIP Order?

6. Whether the Bankruptcy Court erred in its interpretation of the Final DIP Order in light of the DIP Lenders' and their affiliates' reliance on the broad general releases granted in the Final DIP Order by contributing capital in support of the Port Settlement where the DIP Facility approved by the Court permitted such funds to be loaned under the DIP Facility?

7. Whether the Bankruptcy Court erred by rejecting the Debtor's admission and agreement respecting its intent to grant broad general releases in favor of all Appellants where the Debtor remains in possession as the estate's fiduciary?

---

[2]  Capitalized terms used but not defined herein have the meaning given in the Bench Ruling.

8. Whether the Bankruptcy Court erred when it used some facts as extraneous evidence and ignored other facts in the record, and determined that "the release language itself, taken in isolation, does not provide the answer to the proper interpretation of the release provision" instead of construing the release provision in accordance with the plain language of the Final DIP Order and the record established at the hearing that took place on February 3, 2016, and did not permit briefing or testimony on or acknowledge the Debtor's admission of intent to grant broad general releases in favor of Appellants (Bench Ruling, at p. 15)?

9. Whether the Bankruptcy Court erred when it considered any extraneous evidence or facts outside the four corners of the Final DIP Order, even though it concluded the release language was not ambiguous (*Id.*)?

10. Whether the Bankruptcy Court erred when it determined that "[t]he release in the Final DIP Order did not release the DIP Lenders' affiliates from any direct, independent claims that the Debtor may have based on a shared services agreement" (Bench Ruling, at p. 20)?

11. Whether the Bankruptcy Court erred in following the minority view (serial listing canon, the dissenting opinion in *Lockhart v. US*, 136 S. Ct. 958 (2016)) instead of the majority view (last antecedent canon, *Lockhart v. US*, 136 S. Ct. 958 (2016)) espoused in binding Supreme Court precedent when interpreting the scope of the releases under the Final DIP Order?

### Designation of Items to Be Included in the Record on Appeal

| Record Number | Date Filed | D.I. | Document Title |
|---|---|---|---|
| 1. | | | Docket Sheet for *In re: Outer Harbor Terminal, LLC,* Case No. 16-10283-LSS |
| 2. | 2/1/2016 | 12 | Motion to Approve Debtor In Possession Financing |
| 3. | 2/04/2016 | 33 | Transcript regarding Hearing Held February 3, 2016 Re: First Day Motion/DIP Financing Motion |
| 4. | 2/09/2016 | 52 | Order (INTERIM): (I) Authorizing Debtor to (A) Obtain Post-Petition Financing on a Super-Priority and Senior Secured Basis, (B) Permitting Use of Cash Collateral, (C) Providing Adequate Protection, and (D) Granting Related Relief; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 |
| 5. | 2/12/2016 | 64 | Statement That Unsecured Creditors' Committee Has Not Been Appointed |
| 6. | 2/16/2016 | 69 | Transcript regarding Hearing Held February 9, 2016 Re: DIP Financing |

EAST\142856803.2

| Record Number | Date Filed | D.I. | Document Title |
|---|---|---|---|
| 7. | 2/24/2016 | 104 | Debtor's Motion for an Order Approving (I) Settlement Agreement with the Port of Oakland, (II) Rejection of Agreements with the Port of Oakland and (III) Abandonment of Surplus Assets |
| 8. | 2/26/2016 | 111 | Debtor's Supplemental Statement in Support of Debtor's Motion Seeking Approval of Post-Petition Financing and Reply to Objections Thereto |
| 9. | 3/01/2016 | 135 | Order (WITH REVISIONS) (FINAL): (I) Authorizing Debtor to (A) Obtain Post-Petition Financing on a Super-Priority and Senior Secured Basis, (B) Permitting Use of Cash Collateral, (C) Providing Adequate Protection, and (D) Granting Related Relief; and (II) Modifying the Automatic Stay |
| 10. | 3/04/2016 | 146 | Schedules of Assets and Liabilities for Outer Harbor Terminal, LLC |
| 11. | 3/08/2016 | 151 | Transcript regarding Hearing Held March 1, 2016 Re: Omnibus Hearing |
| 12. | 3/16/2016 | 173 | Order Approving (I) Settlement Agreement with the Port of Oakland, (II) Rejection of Agreements with the Port of Oakland and (III) Abandonment of Surplus Assets |
| 13. | 3/17/2016 | 176 | Transcript regarding Hearing Held 03/16/2016 RE: Omnibus Hearing. |
| 14. | 3/30/2016 | n/a | Proof of Claim Assigned Claim No. 36 filed by SDV SERVICES INC. |
| 15. | 4/05/2016 | n/a | Proof of Claim Assigned Claim No. 24 filed by Bay Machine & Fabrication, a subsidiary of Bay Ship & Yacht Co. |
| 16. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 40 filed by Ports America Holdings, Inc. |
| 17. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 41 filed by Ports America Texas, Inc. |
| 18. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 43 filed by Marine Terminals Corporation Holdings. |
| 19. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 44 filed by SMART-TECS |
| 20. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 45 filed by Ports America Group, Inc. |
| 21. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 46 filed by Marine Terminals Corporation |
| 22. | 4/07/2016 | n/a | Proof of Claim Assigned Claim No. 47 filed by Ports America Shared Services |
| 23. | 7/07/2016 | 316 | Debtor's Motion for an Order Approving Settlement Agreement with Pasha Hawaii Holdings LLC |

| Record Number | Date Filed | D.I. | Document Title |
|---|---|---|---|
| 24. | 7/21/2016 | 328 | Order (WITH REVISIONS) Approving Settlement Agreement with Pasha Hawaii Holdings LLC. |
| 25. | 8/19/2016 | 352 | Debtor's Motion for an Order Approving Settlement Agreements with International Association of Machinists and Aerospace Workers, AFL-CIO, District Lodge 190, Local Lodge 1546 and Certain Other Parties |
| 26. | 9/07/2016 | 372 | Order Approving Settlement Agreements with International Association of Machinists and Aerospace Workers, AFL-CIO, District Lodge 190, Local Lodge 1546 and Certain Other Parties. |
| 27. | 10/19/2016 | 411 | Debtor's Motion for an Order Approving Settlement Agreement with the City of Oakland Finance & Management Agency - Revenue Division |
| 28. | 11/07/2016 | 430 | Order Approving Settlement Agreement with the City of Oakland Finance & Management Agency - Revenue Division |
| 29. | 1/27/2017 | 522 | Notice of Appointment of Creditors' Committee |
| 30. | 1/30/2017 | 525 | Debtors' Motion for an Order Approving Settlement Agreement with Alameda County Tax Collector |
| 31. | 2/13/2017 | 532 | Debtor's Combined Chapter 11 Plan of Liquidation and Disclosure Statement |
| 32. | 2/15/2017 | 540 | Order (WITH REVISIONS) Approving a Settlement Agreement with Alameda County Tax Collector |
| 33. | 2/14/2017 | 537 | Debtors' Motion for Entry of Order (A) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Plan and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures |
| 34. | 2/28/2017 | 557 | Objection to Debtor's Motion for Entry of Order (A) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Plan and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures |

EAST\142856803.2

| Record Number | Date Filed | D.I. | Document Title |
|---|---|---|---|
| 35. | 3/24/2017 | 597 | Debtor's First Amended Combined Chapter 11 Plan of Liquidation and Disclosure Statement |
| 36. | 3/24/2017 | 598 | Notice of Filing of Blackline of Debtor's First Amended Combined Chapter 11 Plan of Liquidation and Disclosure Statement |
| 37. | 3/24/2017 | 600 | Debtor's Reply in Further Support of Debtor's Motion for Entry of Order (A) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Plan and Disclosure Statement and Disclosure Statement, (C) Approving the Forms of Ballots and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures |
| 38. | 3/27/2017 | 603 | Motion of the Official Committee of Unsecured Creditors for an Order Extending the Committee's Challenge Period |
| 39. | 3/27/2017 | 606 | Motion of the Official Committee of Unsecured Creditors for an Order Directing Debtor and its Insiders to Produce Documents, Appear at Depositions, and Respond to Other Discovery |
| 40. | 3/29/2017 | 613 | Objection of HHH Oakland, Inc. to the Motion of the Official Committee of Unsecured Creditors for an Order Directing Debtor and its Insiders to Produce Documents, Appear at Depositions, and Respond to Other Discovery |
| 41. | 4/10/2017 | 630 | Debtor's Objection to the Motions of the Official Committee of Unsecured Creditors to Extend the Investigation Period and Compel Discovery |
| 42. | 4/10/2017 | 631 | Omnibus Objection of HHH Oakland, Inc. to the Official Committee of Unsecured Creditors Motions for an Order Directing Debtor and Its Insiders to Produce Documents, Appear at Depositions, and Respond to Other Discovery and to Extend the Challenge Period |
| 43. | 4/10/2017 | 633 | Objection to the Motion of the Official Committee of Unsecured Creditors for an Order Extending the Committee's Challenge Period |
| 44. | 4/12/2017 | 639 | Official Committee of Unsecured Creditors' Omnibus Reply in Support of Motions for an Order (I) Directing Debtor and its Insiders to Produce Documents, Appear at Depositions, and Respond to Other Discovery, and (II) Extending the Committee's Challenge Period |
| 45. | 4/12/2017 | 640 | Declaration of Daren Brinkman in Support of Committee's Omnibus Reply |

| **Record Number** | **Date Filed** | **D.I.** | **Document Title** |
|---|---|---|---|
| 46. | 4/20/2017 | 656 | Transcript regarding Hearing Held April 18, 2017 Re: Omnibus Hearing |
| 47. | 4/25/2017 | 668 | Amended Chapter 11 Plan of Liquidation |
| 48. | 4/25/2017 | 669 | Notice of Filing of Revised Confirmation Hearing Notice and Blackline |
| 49. | 4/26/2017 | 674 | Transcript regarding Hearing Held April 25, 2017 Re: Continued Hearing on Matters Scheduled for April 18, 2017 |
| 50. | 5/5/2017 | 690 | Bench Ruling on the Committee's Motion to Extend the Challenge Period and for an Investigation Pursuant to Bankruptcy Rule 2004 |
| 51. | 5/16/2017 | 707 | Notice of Appeal [BAP-17-15] |
| 52. | 5/17/2017 | 710 | Transmittal of Record on Appeal to District Court (BAP #17-15) |

EAST\142856803.2

Dated: May 30, 2017
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
Maris J. Kandestin (DE 5924)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com
 maris.kandestin@dlapiper.com

*-and-*

Michael E. Helmer
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Telephone: (973) 520-2550
Facsimile: (973) 520-2551
Email: michael.helmer@dlapiper.com

*-and-*

Rachel Ehrlich Albanese
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: rachel.albanese@dlapiper.com

*Attorneys for Appellants*

- 8 -

EAST\142856803.2